138 So.2d 231 (1962)
Rowena F. SMITH and Herbert J. Smith
v.
Aaron L. BORCHERS and Harry H. Borchers, Jr.
No. 227.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1962.
Rehearing Denied March 12, 1962.
Certiorari Granted April 19, 1962.
*232 Brierre & Stephenson, Eugene D. Brierre. New Orleans, for plaintiff-appellant.
Drury & Lozes, James H. Drury, New Orleans, for defendant-appellee.
Before McBRIDE, SAMUEL and JOHNSON, JJ.
SAMUEL, Judge.
This is a suit for damages and personal injuries arising out of a collision between two automobiles. Plaintiffs are husband and wife. She was the driver of one of the automobiles involved and brings suit for her own personal injuries; he seeks to recover the cost of the damages to the car. Defendants are a minor, the driver of the other automobile, and his father, with whom he resides. Plaintiffs have appealed from a judgment in favor of defendants, which judgment dismissed the suit on the basis of a finding of contributory negligence on the part of the plaintiff driver.
There is no serious dispute about the facts of the accident. It occurred at 8:30 A.M. in the intersection of Pressburg and Nighthart Streets in the City of New Orleans, which streets were of equal dignity and at which intersection there were no traffic controls of any kind. The only witnesses to the accident were the drivers of the two cars involved.
Plaintiff car was proceeding in a southerly direction on Nighthart Street and the defendant car was on Pressburg traveling in a westerly direction. The impact occurred approximately in the center of the intersection when the front and left front portion of the plaintiff car struck the right side of the two-door defendant car at, and slightly forward of, the right door. Both cars traveled a distance of between 30 to 40 feet after the impact and came to a stop, side by side, on the north side of Pressburg Street just past the intersection, with the defendant car on the sidewalk facing west, the same direction in which it had been traveling, and the plaintiff car next to the curb also facing west, a 90 turn from the direction in which it had been traveling.
The driver of the plaintiff car, Mrs. Smith, testified that she was going about 10 to 15 miles per hour as she approached the intersection; she was approximately 15 or 20 feet from Pressburg Street when she first looked to her right and put her foot lightly on the brake pedal; she looked to her left when about 5 feet from the intersection; she was not going fast enough to change gears and did not come to a stop; and she did not see the other car until "just a second before the accident" when it was 3 to 5 feet away from her at which time she applied her brakes. On three or four occasions in her testimony she said that immediately prior to entering the intersection she could see, and had an unobstructed view, along Pressburg Street to her left, the direction from which the defendant car came, the full distance to the next block, a total of 240 feet. On redirect examination she testified that she could see to her left 120 feet. From a consideration of the entire record, including photographs which were introduced in evidence, we are of the opinion that prior to her entry into the intersection Mrs. Smith had a full and unobstructed view of Pressburg Street to her left of much more than 120 feet and only slightly less, if it was any less, than the full distance of 240 feet to the next corner.
*233 The driver of the defendant car, Aaron L. Borchers, testified that he was driving at about 20 to 25 miles per hour; as he approached the intersection, he looked first to his right and then to his left; he did not see the other car until he was in the intersection and it was just a few feet away from him, at which time he applied his brakes.
One other witness was called. He was the other defendant, Harry H. Borchers, Jr., who testified that after he arrived at the scene of the accident he heard Mrs. Smith tell a policeman that she had been driving 20 to 25 miles per hour, a statement which Mrs. Smith denied having made.
Plaintiffs contend they are entitled to a judgment under the doctrine of pre-emption combined with the argument that, under LSA-R.S. 32:237(A), the vehicle approaching from the right (in this case Mrs. Smith) has the right of way. In support thereof they cite the cases of Wilson v. Williams, La.App., 82 So.2d 71; Stevens v. Liberty Mutual Insurance Company, La.App., 133 So.2d 1; Gauthier v. Fogleman, La.App., 50 So.2d 321; Casse v. Davis, La.App., 100 So.2d 541; Thomas v. Checker Cab Company of New Orleans, 229 La. 1079, 87 So. 2d 605, and Noonan v. London Guarantee & Accident Company, La.App., 128 So.2d 918.
Plaintiffs further argue that, as shown by the extent of damage ($567.42) to their vehicle, the fact that it did not proceed forward at all after the impact but instead was turned completely to the right, the distance traveled by that car after the impact, and the personal injuries received by Mrs. Smith (they consisted of an arm contusion, a twisted ankle and a bruised hip), the defendant car must have been traveling at a highly excessive rate of speed and was beyond Mrs. Smith's vision when she looked in its direction before entering the intersection. We are unable to agree with the contention or the argument.
The record does not contain any evidence upon which we could come to a conclusion that the speed of the defendant car was excessive. Certainly no such conclusion can be reached solely on the basis of the physical damage to the car and the other facts relied on by the plaintiffs, for here we have no means of knowing what amount of speed is necessary to cause the resulting damages and injuries. See Liddell v. New Orleans Public Service Co., Inc., La.App., 128 So.2d 80, 87.
Nor are the cited cases apropos under our appreciation of the facts involved here. The first five named of the cited cases are to the effect that, under the facts therein involved, where a motorist has a clear vision of an intersecting street for at least 75 feet and sees no approaching vehicle thereon he has a right to assume that any vehicle beyond that distance is approaching at a lawful speed and he can proceed into the intersection, without negligence or under the doctrine of pre-emption.
The record does not establish that the plaintiff car was the first to enter the intersection, the opposite could be true. And it is well settled that, in order to constitute pre-emption, entry of an intersection must be made sufficiently in advance of approaching traffic to permit a safe crossing without requiring an emergency stop by such approaching traffic in order to prevent an accident. Gallioto v. Chisholm, La.App., 126 So.2d 63. The doctrine of pre-emption has no application in the instant case and Mrs. Smith did not proceed into the intersection without negligence.
The last of the cited cases, Noonan v. London Guarantee & Accident Company, is concerned with the question of right of way under LSA-R.S. 32:237(A). It is similar to the instant case in many respects but dissimilar in the most important consideration. In Noonan the court found that the plaintiff had exercised the full degree of observation and care required under the circumstances. In the instant case we hold that the plaintiff driver did not exercise the observation and care required under the circumstances here present.
As pointed out in Noonan, and assuming that Mrs. Smith did have the right of way, *234 she was required to observe approaching traffic on the intersecting street with a greater degree of care than would be the case if the intersection had been controlled by an electric semaphore light or even by a stop sign. Instead of using such care and caution she drove into the side of the defendant automobile which was being operated at a moderate and legal speed. If she had been alert, and as a result of her unobstructed view for almost 240 feet, she could have seen, and therefore is presumed to have seen, the approaching vehicle and avoided the collision. Martin v. Adams, La.App., 88 So.2d 476. We agree with the trial judge. Plaintiff driver was guilty of contributory negligence which was a proximate cause of the accident and bars recovery.
For the reasons assigned, the judgment appealed from is affirmed at appellants' cost.
Affirmed.