HOOD, Judge
(dissenting).
I agree with the majority that defendant Henry, the driver of the truck, was negligent, but I am unable to agree that plaintiff Deshotels was free from contributory negligence. Plaintiff testified repeatedly that he did not see the Henry truck until the moment of the impact. Under our jurisprudence, however, he is held to have seen that which he should have seen, and it seems to me that if he had exercised the slightest degree of care in observing other traffic approaching this uncontrolled intersection of two gravelled rural roads, he would have seen that the crossing could not be completed in safety and thus the accident would have been avoided.
Since the intersecting streets involved here were streets of equal dignity, I think it was incumbent upon plaintiff to use reasonable care in approaching that intersection, and that he did not have the right to proceed into the intersection without looking, relying blindly on the assumption that other traffic approaching from his left would yield his statutory right of way to him.
The facts in this case are almost identical to those presented in Smith v. Borchers, La., 146 So.2d 793 (affirming the Fourth Circuit decision reported at 138 So.2d 231), and the issues presented in both of these cases are identical. In my opinion, the views expressed by the majority in the in *154 stant suit cannot be reconciled with those expressed by our Supreme Court and by the Court of Appeal, Fourth Circuit, in Smith v. Borchers, supra.
For these reasons, I respectfully dissent from the majority opinion.