HENRY F. TURNER, Judge pro tem.
This suit grows out of an intersectional collision which occurred on August 27, 1962 at Barracks and North Dorgenois Streets in the City of New Orleans. The plaintiff sustained certain injuries and automobile property damages for which he seeks recovery from the defendant and her insurer.
The lower court, after hearing the evidence in the case, ruled that the plaintiff had preempted the intersection and was free from negligence, and that the defendant was guilty of negligence in not keeping a proper lookout and seeing what she should have seen, and awarded plaintiff judgment in the amount of $1,322.87, from *831 which judgment the defendants have appealed.
The streets at this intersection are of equal dignity and have no traffic signs or signal lights controlling traffic on same. The plaintiff was traveling toward the New Orleans business district on North Dorgenois Street, and defendant, Mrs. Latour, was traveling toward the river on Barracks Street. Mrs. Latour had as her passenger a Miss Helen Alfonso. The two drivers and Miss Alfonso were the only witnesses to the accident. Mrs. La-tour testified that she had been traveling at a speed of 25 to 30 miles per hour, but that as she entered the intersection, she had slowed her speed to 15 or 20 miles per hour. She said that she looked to her left and to her right and seeing no traffic proceeded to cross the intersection. However, just as she entered the intersection and while about a car length away, she saw the plaintiff’s 1957 DeSoto sedan blocking her path in the middle of the intersection, and the resulting collision was unavoidable. She testified that as soon as she saw plaintiff’s car in her path, she blew her horn and applied her brakes. The front of her car struck the right rear door of plaintiff’s car. Plaintiff testified that when he approached the intersection at a speed of 15 to 20 miles per hour, he looked to his left and then to his right, and seeing no cars in view proceeded into the intersection, and that he did not see Mrs. Latour’s 1960 Chevrolet sedan until seconds before the impact. Miss Alfonso saw practically nothing but heard Mrs. Latour sound her horn.
The District Judge found from this evidence that the plaintiff preempted the intersection and was free from fault and entitled to a judgment. With this finding we cannot agree. Following our reasoning in Smith v. Borchers, La.App., 138 So.2d 231, which case was affirmed by the Supreme Court, 243 La. 746, 146 So.2d 793, we held:
“[I]n order to constitute pre-emption, sntry of an intersection must be made sufficiently in advance of approaching traffic to permit a safe crossing without requiring an emergency stop by such approaching traffic in order to prevent an accident.”
In that case, we laid down the rule in the following language:
“In a case of this type it is necessary that we first consider the locus in quo upon which there is generally little dispute. We then must consider the testimony of the persons who witnessed the accident, plus the physical facts at the time of and following the accident, in an endeavor to ascertain how the accident occurred.” (Page 797 of 146 So.2d)
When we consider the locus in quo, we-find that the plaintiff in the case had the same opportunity to observe defendant’scar approaching the intersection as defendant had to observe his automobile. The same obstructions, naturally, would' be common to both. Mrs. Latour, approaching from the right, had the right-of-way, unless she had lost it by some unlawful act such as speeding or disregard of the safety of others in some respect. Counsel states that the speed limit on Barracks Street is 20 miles per hour. We find nothing in the record to substantiate that, but be that as it may, her speed had been reduced from an estimated 25 or 30 miles per hour to a speed of 15 to 20 miles per hour as she entered the intersection. Considering that her speed was 25 to 30 miles per hour immediately prior to her reaching the intersection and had plaintiff been keeping the proper lookout required of him, he would have seen her in time to slow down to let her cross ahead of him. A car traveling-15 miles per hour travels 22 feet per second, and counting traveling, reaction time plus vehicle stopping distance, can-stop in a total distance of 32 feet. While-we cannot quarrel with the lower court’s-finding that Mrs. Latour was not paying the proper attention to her driving, we *832 think the same yardstick applied to the plaintiff here in finding that he was likewise guilty of negligence, which contributory negligence defeats his claim. Pre-umption, as applied in a case of this kind, ■does not necessarily mean that the person who first got the front of his or her car into an intersection automatically preempted ■same. The fact that the accident happened in this case shows that his entry was not made sufficiently in advance of the automobile driven by Mrs. Latour to permit him to negotiate the crossing without mis-haja.
The judgment of the District Court is, therefore, reversed and plaintiff’s case dismissed .at his costs.
Reversed.