REID, Judge.
This is a suit filed by plaintiff Allen Barnum against Rufus E. Crayton Sr. and his liability insurance carrier North River Insurance Company for damages resulting to his automobile, a 1958 Pontiac four door sedan owned by plaintiff, and being operated by his young son, Carl A. Barnum an eighteen year old minor living with his father, and a 1956 Ford operated by Rufus E. Crayton Jr.
The Lower Court rendered judgment in favor of the plaintiff and against the defendant in the amount of $273.05 plus costs and interest. Defendants Rufus E. Crayton Sr. and North River Insurance Company have appealed to this Court from this judgment.
The facts show that on June 27, 1964 at approximately 11:15 A.M. petitioner’s minor son, Carl A. Barnum, was driving the family car in a westerly direction on West Morris Street in the City of Hammond, Louisiana. He was conveying his mother from a dental appointment and was struck in the intersection of South Magnolia and West Morris Street by the automobile owned and operated by Rufus E. Crayton Jr. who was proceeding south on South Magnolia.
Plaintiff’s son Carl Barnum testified that he was proceeding in a westerly direction about 25 miles an hour. He did not see the Crayton car approaching until just seconds before the accident. He testified that there were a house and some bushes which to some extent blocked his view up South Magnolia Street. He did not slow his speed or apply his brakes before proceeding into the intersection but stated that he did look to the right and left and saw no car approaching. He was corroborated in this by his mother. He stated that his first knowledge of the Crayton vehicle was when his mother hollered to him and he looked up and saw the Crayton car just about to hit him. The Barnum car was struck on the right rear, about the rear door, and spun around and was facing in an easterly direction about 50 feet west of the middle of the intersection. The Crayton car attempted to turn to avoid hitting the Barnum car and was struck on the left front part of his car.
Defendant Crayton testified that he was driving about 15 miles an’hour on South Magnolia Street in a southerly direction. When the defendant’s vehicle was about one car length from the intersection he observed the said vehicle which he said was traveling at an estimated speed of 30 miles an hour and about two and a half car lengths away from the intersection and was not reducing its speed. He then applied his brakes, skidded forward into the intersection, pulled toward his left < somewhat where his car collided with the right rear side of plaintiff’s vehicle.
City Policeman Sherman testified that it was an uncontrolled intersection and the streets were paved and were wet at the time as it had been and was still raining to some extent. The streets were approximately 20 feet in width and that the Barnum vehicle had traveled subsequent to the collision, about 50 feet from the intersection.
There is no question but what a motorist coming from the right has the right of way on an uncontrolled intersection. See LSA-R.S. 32:121, Section B. This Statute reads as follows:
“When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
This traffic regulation has been upheld by our Courts, particularly in the case of Henderson v. Travelers Indemnity Company, La.App., 158 So.2d 365, and Whittington v. Gully, La.App., 164 So.2d 57. The *454 case of Whittington v. Gully holds as follows :
“ * * * A motorist does not attain preemptive rights where he enters the intersection in a negligent manner such as Anita Whittington did without making any attempt to he on the lookout for vehicles on the intersecting street. Before he can successfully rely on pre-emption, the motorist must show that he made entry into the intersection at proper speed and sufficiently in advance of the car on the intersecting road to permit him to proceed on his way without requiring an emergency stop by the other vehicle.”
The case of Malachias v. Latour, La. App., 160 So.2d 830 is in point and holds in its syllabus as follows:
“Driver who entered uncontrolled intersection from left and whose right rear door was hit by automobile which entered the intersection from right at a speed of from 15 to 20 miles per hour had not preempted intersection, and contributory negligence of driver to left defeated his claim.”
Defendants in their answer plead in the alternative contributory negligence on the part of Carl Bamum driver of plaintiff’s car. We find that young Barnum was guilty of contributory negligence.
There is no question but he was on a mission for the benefit of the community, and contributory negligence under these facts and circumstances can be imputed to the owner of the car.
In the case of Joffre v. Ike Haggert Machine Works, La.App., 100 So.2d 557, held as follows:
“It is settled jurisprudence that the contributory negligence of an unemancipated minor who lives with him precludes the father from recovery for his [individual] damages.”
It is the opinion of this Court that the driver of plaintiff’s car was guilty of contributory negligence in proceeding into the intersection without making sure that he could negotiate it safely and without reducing his speed and without seeing the approaching Crayton car.
For these reasons we believe our Learned Brother below made manifest error and accordingly the judgment of the Lower Court is reversed and judgment rendered in favor of the defendant against the plaintiff, rejecting plaintiff’s demand and dismissing his suit at his cost.
Reversed and rendered.