DOMENGEAUX, Judge.
Plaintiffs, Ronald Lacour and his wife, Donna Lacour, originally instituted this suit against State Farm Insurance Company (State Farm), defendant-appellant, for property damage[1] resulting from a vehicular collision involving two automobiles, one driven by Mrs. Lacour and the other driven by State Farm’s insured. The claim was subsequently amended to include the Louisiana Department of Transportation and Development (DOTD) as an additional party defendant. Various incidental actions were filed, including a reconventional demand by State Farm against plaintiff,[2] a third party demand by plaintiffs against DOTD for contribution as per State Farm’s reconventional demand, and a third party demand by State Farm against the DOTD, and the Town of Moreauville.[3]
*87 Finding the sole legal cause of the accident to be the negligence of State Farm’s insured, the trial judge rendered judgment in favor of plaintiffs and against State Farm in the amount of $685.07.[4] Similarly, he dismissed all other pending incidental demands. State Farm appeals urging that the trial court erred in finding its insured negligent, and in dismissing its reconven-tional and third party demands. Plaintiffs answered the appeal urging affirmation of the judgment below, and alternatively suggesting that the trial judge erred in dismissing their demands (direct, and third party) against the DOTD.
The substantial issues on appeal are:
(1) The negligence of State Farm’s insured;
(2) The negligence of plaintiff, Mrs. Lac-our; and
(3) The negligence of the State.
The accident in question occurred at the intersection of Louisiana Highway 114 and Louisiana Highway 451 in the town of Mor-eauville, Louisiana. A schematic sketch (prepared by a traffic engineer for the Department of Transportation and Development and attached to this opinion as Appendix 1) accurately depicts the accident scene. Because of the peculiarity of this intersection, Appendix 1 is invaluable in fully understanding the layout of the accident scene, which defies simple narrative description.
The facts, which are essentially undisputed, reflect that State Farm’s insured, Donna Tassin, was traveling in a generally northerly direction (as per Appendix) on Louisiana Highway 114 with the intent to proceed in a generally straight direction onto Louisiana Highway 451. (The Appendix reflects that one branch of Louisiana Highway 451 turns into Louisiana Highway 114 approximately at the point of impact— Point B). The record clearly indicates (as portrayed by the Appendix) that there were no signs facing Mrs. Tassin instructing her to stop or yield before she proceeded through the intersection. As Mrs. Tassin approached the intersection, plaintiff, Donna Lacour, was proceeding in a generally westerly direction on Louisiana Highway 114 with the intention of remaining on Louisiana Highway 114 as it veered to the left heading in a generally southwesterly direction. Mrs. Lacour testified that she yielded to traffic proceeding on Louisiana Highway 451 and turning left onto Louisiana Highway 114 (see Appendix), and then proceeded into the intersection. The impact occurred at the point where the lanes in which the respective drivers were traveling merged. (See Appendix — Point B).
The trial judge held that the yield sign at Point A (see Appendix) did not control Mrs. Lacour’s lane of travel throughout the intersection, and with the absence of any other control signs in the vicinity of the intersection to direct either driver, this was in effect an unmarked intersection. In so finding, the trial judge then held for plaintiffs and against State Farm applying La. R.S. 32:121 which provides:
“A. When two vehicles approach or enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.
B. The right of way rule declared in Subsection A is modified at through highways and otherwise as hereinafter stated in this part.”
We reverse in part and affirm in part.
It is abundantly clear that the intersection in question was not uncontrolled. Buck Morton, The District Traffic Operations Engineer for the DOTD, testified that there are plenty of signs controlling and directing traffic at this intersection. He adds, that there are so many signs “it’s unbelievable”. The Appendix supports his testimony.
Our jurisprudence has long held that the directional right-of-way favoring the *88 vehicle on the right in La.R.S. 32:121 applies only at uncontrolled intersections. Zemo v. Louviere, 349 So.2d 420 (La.App. 4th Cir. 1977); writ denied, 351 So.2d 161 (La.1977); Barnum v. Crayton, 186 So.2d 452 (La.App. 1st Cir. 1966). When traffic signals or signs control the intersection then those signals or signs designate the favoring highway or lane of travel. La.R.S. 32:123. Accordingly, we feel that the trial judge was manifestly erroneous in concluding that this intersection was an unmarked one, and thereby finding that State Farm’s insured was negligent in failing to yield the right-of-way to plaintiffs’ vehicle as mandated by La.R.S. 32:121, supra.
A review of the record clearly shows that Mrs. Tassin, State Farm’s insured, faced no control signs as she approached the intersection. Additionally, the record is void of any evidence tending to establish any negligence on her part. Mrs. Tassin testified that she proceeded towards the intersection well below the speed limit, and she did not notice plaintiff’s vehicle until Mrs. Lacour pulled into her path, at which point it was too late to avoid the accident. We fail to discern any negligence on the part of State Farm’s insured.
For the reasons hereinafter stated we find that the sole proximate cause of the collision was the negligence of the DOTD in improperly signing the poorly designed intersection.
As aforesaid, the Tassin vehicle faced no traffic signs as she proceeded through the intersection. We agree with the trial judge who found that the yield sign located at point A of the Appendix, which is approximately 150 feet away from the point of impact, did not control Mrs. Lacour’s lane of travel throughout the intersection. Instead, the aforesaid yield sign directs the motorist traveling on Louisiana Highway 114 to yield to traffic traveling from Louisiana Highway 451 onto Louisiana Highway 114 in an easterly direction. To hold otherwise simply is not plausible (see Appendix). Consequently, we find that Mrs. Lacour was not negligent in assuming that she could proceed safely through the intersection as the favored lane of travel once she yielded to traffic traveling east off of Louisiana Highway 451 onto Louisiana Highway 114.
The apparent right-of-way granted both drivers obviously emanates from the improper signing of this poorly designed intersection by the DOTD, rather than any negligence on the part of either driver. This Court, in Doucet v. State, Department of Highways, 309 So.2d 382 (La.App. 3rd Cir. 1975) discussed the issue of the liability of the Department of Highways[5] as follows:
“The Department of Highways is not responsible for every accident which occurs on state highways. It is not a guarantor of the safety of travelers thereon, or an insurer against all injury or damage which may result from defects in the highways. The duty of the Department of Highways is only to see that state highways are reasonably safe for persons exercising ordinary care and reasonably prudence. It is liable for damages only when the evidence shows (1) that the hazardous condition complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent driver, and (2) that the department had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it. Laborde v. Louisiana Department of Highways, 300 So.2d 579 (La.App. 3 Cir. 1974); Dupre v. Louisiana Department of Highways, 154 So.2d 579 (La.App. 3 Cir. 1963); Mistich v. Matthaei, 277 So.2d 239 (La.App. 4 Cir. 1973); St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273 (1964).”
In finding liability on the part of the state, as outlined above, we need look no further than the testimony of Buck Morton, District 8 Traffic Engineer. It is Mr. Mor *89 ton’s responsibility for the design of intersections as well as the placement and maintenance of traffic control devices on state routes within District 8 (which includes the intersection involved here). In his testimony, Mr. Morton admitted that he did not like, from a professional standpoint, this particular intersection, and that it had existed without correction for over eleven years. Mr. Morton indicated that this intersection could be described as being “bad”, and “not well designed”. He further admitted that the yield sign (located at point A of the attached Appendix) should have been closer to the intersection where the collision occurred. By the testimony of the DOTD’s own engineer, it is clear that this intersection is confusing and lacking proper design. This patently dangerous condition or defect has been allowed to persist in excess of eleven years, yet the DOTD failed to take any steps to alleviate its danger. Accordingly, we feel the record overwhelmingly supports a finding that the sole proximate cause of the collision was the negligence on the part of the DOTD. Therefore, plaintiffs are entitled to judgment against the DOTD as prayed for in their principal demand below.
For the above and foregoing reasons the judgment of the trial court is reversed and recast as follows:
It is Ordered, Adjudged, and Decreed that there be judgment herein in favor of plaintiffs, Ronald and Donna Lacour, and against defendant, the Department of Transportation and Development, in the amount of $685.07, plus legal interest thereon from date of judicial demand.
It is further Ordered, Adjudged, and Decreed that all other demands of plaintiffs and defendant, State Farm, be dismissed.
Costs at trial and on appeal are assessed against defendant, Louisiana Department of Transportation and Development.
REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.
*90 ■APPENDIX 1

. Plaintiffs’ property damage claim is predicated upon an automobile repair estimate of $685.07 made part of this record.

. State Farm’s reconventional demand is for property damage in the amount of $362.23 evidenced by a repair estimate receipt and a sub-rogation receipt for a like amount.

.The town of Moreauville was subsequently dismissed pursuant to a motion for summary judgment. No appeal was taken from that judgment.

. Ibid 1.

. DOTD, defendant herein, was formerly entitled the Louisiana Department of Highways.