REGAN, Judge.
Plaintiff, Transcontinental Insurance Company, collision insurers of O. A. Sa-vola, instituted this suit against the defendant, Toye Bros. Yellow Cab Company, endeavoring to recover the sum of $409.04, paid for repairs as a result of damages to its insured’s automobile, which was involved in a collision in the intersection of Short and Willow Streets, with one of defendant’s taxicabs at 2:30 p. m. on June 14, 1949.
Defendant answered and denied that it was guilty of any negligence in the premises and alternatively pleaded the contributory negligence of Mrs. Savola, wife of and operator of the insured’s car.
From a judgment in favor of defendant dismissing plaintiffs suit, plaintiff prosecutes this appeal.
The record reveals that the situs of the accident was in the intersection of Willow, “a one way street” and Short, “a two way street.” There is testimony in the record to the effect that the streets are approximately of the same width and that the downtown river corner of the intersection is what has colloquially been designated as a “blind corner.”
Mrs. Savola testified that she traversed this intersection frequently; that she was driving in the right roadway of Willow Street (she “imagines”) about 18 to 20 miles per hour, away from Broadway and towards S. Carrollton Avenue and that as she reached the intersection she decreased the speed of her car to fifteen miles per hour, and seeing nothing (she “imagines”) for “about the length of two cars” (because “those buildings are so high”) approaching from her left in Short Street, (which she “thinks is a two-way street”) she entered the intersection where she could see a “half •block” thus permitting her to observe the approaching cab and when she had travelled “a good bit over the middle of the intersection” or “to the center”, the left front portion of her car was struck by defendant’s cab and “knocked to the right causing her car to strike a telephone pole” in Short Street, which she (“imagines”) was two or three feet from the corner. Mrs. Savola, upon being interrogated as to the speed of the cab, testified:
“Q. I-Iow fast was the cab going? A. He looked to me about 60, but it wasn’t. It seemed like 60.
“Q. You know how fast he was coming? A. No * *
Defendant’s taxicab, operated by Earl Rauch; was driving about twenty miles per hour in Short Street away from St. Charles Avenue and towards S. Claiborne Avenue. Upon arriving within ten feet' of the intersection he decreased the speed of the cab to about “IS miles per hour” and then observed the Savola car in Willow Street about forty feet away from the intersection “traveling about thirty miles per hour.” He testified I “applied my brakes” and “pulled my steering wheel to the left to avoid a collision” but “the lady came on. It looked to me she tried to slow down her automobile and swerve and threw her hand out at the same time.” The collision occurred “right *587 in the center of both streets”; that the cab moved “four or five feet after the collision” and the Savola car “struck the telephone pole * * * on Short Street * * about thirty feet” from the center of the intersection; that “the right front fender and the right front bumper of the cab came in contact with the left front fender or bumper of the automobile.”
Plaintiff insists that the sole cause of the collision was the negligence of the operator of defendant’s cab;
“A. In failing to allow said Savola car to complete its crossing of the intersection after it had preempted same;
“B. In failing to recognize the right-of-way of the Savola car;
“C. In driving at a speed in excess of 25 miles per hour; and
“D. In running into the Savola car when it had already crossed the center of the intersection.”
Defendant, in resisting these contentions, maintains that the “accident was not caused by any negligence on its part or on the part of the cab driver,, but was caused solely and proximately by the gross negligence of said Mrs. Savola, driver of the automobile, in:
“1. Traveling at said unlawful and excessive rate of speed;
“2. Failing to maintain a proper lookout and to observe said taxi cab which had first entered into and thereby preempted said intersection;
“3. Failing to reduce the speed of said automobile and to bring it to a stop and thereby avoid striking said taxicab;
“4. Driving said automobile as aforesaid and into the right front portion of said taxicab;
“5. Failing to use due caution and care commensurate with the circumstances then existing.”
The only question posed for our consideration is one of fact and that is— was Mrs. Savola guilty of such contributory negligence as to preclude her recovery?
The trial judge resolved the answer to this question in favor of defendant and our careful examination of the record fails to disclose any error in his conclusion.
When an intersectional collision occurs between two automotive vehicles and the operators thereof charge each other with negligence, there can be no recovery by the litigant who initiates the suit if that party, by the exercise of due diligence and reasonable care, could have avoided the accident. Kerschner v. Blache, La.App., 52 So.2d 749.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.