88 So.2d 476 (1956)
Charles MARTIN, Jr., Plaintiff-Appellant,
v.
Elmer Haney ADAMS et al., Defendants-Appellees.
No. 8513.
Court of Appeal of Louisiana, Second Circuit.
June 14, 1956.
*477 Love & Rigby, Shreveport, for appellant.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellees.
AYRES, Judge.
Plaintiff instituted this action for damages for personal injuries and property damage allegedly sustained in an automobile accident occurring at the intersection of Atkins and Wheless Streets in the City of Shreveport, Louisiana. Plaintiff, who was alone in his Nash automobile, was driving west on Atkins Street and collided with the Ford automobile of the defendant, Adams, who, as the driver, accompanied by his wife and infant child, was traveling north on Wheless Street.
Plaintiff charged defendant with negligence in a number of specified particulars, principal among which were the charges *478 that defendant failed to yield the right of way to which plaintiff claimed priority account of his approach of the intersection to defendant's right and to which plaintiff claims to have pre-empted by prior entrance, and that defendant was not keeping a proper lookout.
Counter charges of negligence were made against plaintiff in his failure to yield the right of way to defendant, who had allegedly already entered and pre-empted said intersection, by plaintiff's excessive speed, failure to keep a proper lookout or to keep his automobile under control. Contributory negligence was, in the alternative, plead in the aforesaid respects against plaintiff.
From a judgment in accordance with a jury verdict rejecting his demands, plaintiff prosecutes this appeal.
The scene of the accident occurring at the intersection of Wheless and Atkins Streets may be first described. Wheless Street runs north and south and is 28 feet wide. Atkins Street, 24 feet wide, runs north and south and intersects Wheless Street at right angles. This intersection was described by the police officers as an equal or uncontrolled intersection in that no signal lights, traffic controls or stop signs governed or controlled traffic at the intersection.
The facts of the occurrence of the accident in the northeast quadrant of the street intersection may next be stated. Plaintiff's Nash struck defendant's Ford broadside, the front end of the Nash striking the Ford near the Ford's right-hand door. The Nash automobile continued across and beyond the street a distance of 57 feet, pushing the Ford; both came to a rest on a lawn in the northwest corner of the intersection. Both cars skidded approximately 12 feet prior to the impact. The testimony fails to establish that either car was exceeding the speed limit at the time of the collision. Plaintiff approached the intersection downgrade on Atkins Street. Proceeding from a half block east of the intersection where he had stopped, plaintiff continued towards the intersection with his foot on the brake. On reaching the intersection he says he looked first to his left, the direction from which the defendant was approaching, and there were no cars in sight, and then, after looking to the right and observing no traffic from that direction, he proceeded towards the intersection, when, on reaching a point where pedestrians crossed Atkins Street on the east side of Wheless, he observed defendant's car approaching about a car length south of the intersection. Notwithstanding, however, he proceeded into the intersection where the accident occurred, as aforesaid, in the northeast corner thereof. Defendant Adams testified that he saw the Nash only one or two seconds before the impact and then only 10 to 12 feet away; that his attention was directed to the approach of plaintiff's automobile by his wife's "yell" and warning to him.
Neither driver saw the approach of the other vehicle until momentarily before the impact. There is no reason advanced why either should not have seen the other, had he been looking and keeping a proper lookout. Whatever the operator of a motor vehicle can see by the exercise of reasonable diligence, he must see, and, in legal contemplation, he is charged with seeing. His failure to see what he could have seen by the exercise of due diligence does not absolve him from liability. Sullivan v. Locke, La.App., 73 So.2d 616.
It is the contention of both plaintiff and defendant that each had the right of way and that each in making a prior entry into the intersection had pre-empted the same. There was certainly no pre-emption of the intersection by plaintiff. We are convinced that defendant entered the intersection first. He traveled a considerably greater distance into the intersection than did plaintiff. Defendant should have been aware of plaintiff's entry into the intersection when he himself made his entry therein. The pre-emption of an intersection does not necessarily mean a mere prior entrance in point of time or by a matter of a few feet ahead of another vehicle. An entry of an intersection to constitute a pre-emption must be made with the reasonable expectation of the operation of a motor *479 vehicle to clear the same without obstruction of other vehicular traffic operating under normal and reasonable circumstances and conditions. Such entry must be made under such circumstances as not to require an emergency stop by other traffic in order to prevent an accident. Butler v. O'Neal, La.App., 26 So.2d 753; Aucoin v. Houston Fire & Casualty Co., La.App., 44 So.2d 127; Hardware Mut. Cas. Co. v. Abadie, La.App., 51 So.2d 664; Thibodaux v. Willet, La. App., 70 So.2d 728; Dodd v. Bass, La.App., 76 So.2d 572; Mansfield v. Toye Bros. Yellow Cab Co., La.App., 78 So.2d 544. Nevertheless, plaintiff contends, as aforesaid, that he had a superior right of way by virtue of his approach of the intersection to defendant's right. LSA-R.S. 32:237. It is true, of course, that plaintiff was approaching the intersection to defendant's right. Even when one has the right of way he is not relieved from the necessity of looking into the direction from which others may be expected to come, and where such care would, as is the case here, have prevented the accident, he who fails to look or to keep a proper lookout cannot recover, even though the other party was grossly at fault. Johnson v. Item Co., 10 La.App. 671, 121 So. 369. Motorists having a right of way at an intersection are not to be relieved of the duty of maintaining an adequate lookout. Sullivan v. Locke, supra; Holderith v. Zilbermann, La.App., 151 So. 670; Murphy v. Star Checker Cab, Inc., La.App., 150 So. 79; Pugh v. Henritzy, La.App., 151 So. 668; Johnson v. Item Co., supra; Hamilton v. Lee, La.App., 144 So. 249; New Hampshire Fire Ins. Co. v. Bush, La.App., 68 So.2d 254. The superior privilege or right of way does not confer a license to disregard the fundamental rules instituted for the protection and safety of persons motoring on the highways, among which is the important rule of maintaining a proper lookout. Prudhomme v. Continental Casualty Co., La.App., 169 So. 147. When an intersectional collision occurs between two motor vehicles and the operators thereof charge each other with negligence, there can be no recovery by the party instituting an action for damages as a result thereof if that party, by the exercise of due diligence and reasonable care, could have avoided the accident. Kerschner v. Blache, La.App., 52 So.2d 749; Transcontinental Ins. Co. v. Toye Bros. Yellow Cab Co., La.App., 55 So.2d 585; Sullivan v. Locke, supra.
In Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 294, it was stated:
"It can not and will not be disputed that a motorist, who recklessly and without exercising some degree of caution enters an intersection on a favorable light, is not free from negligence if he collides with another motorist who enters an intersection on an unfavorable light. And it can not and will not be disputed that a motorist can not, in the face of imminent danger, rely upon the right of way accorded him by law."
An important purpose of the installation of automatic traffic control systems at street intersections is to minimize the dangers inherent at those locations. It is a matter of common knowledge and is self-evident that greater danger exists at an intersection where traffic is not so controlled than where controlled. The greater the danger, the greater the care and caution are required and exacted. Such was the condition at this intersection at the time of the accident. Under the circumstances, as related hereinabove, it is evident that neither driver was maintaining or keeping a proper lookout; that both were grossly negligent in that respect in entering the intersection without due regard for the approach of the other. Had plaintiff been keeping a proper lookout, he could have seen the other approaching vehicle and taken precautions to have avoided the accident, which he had an opportunity to do and which, in all probability, at his rate of speed, he could have done. To say the least, plaintiff was guilty of contributory negligence, which bars his recovery. Sullivan v. Locke, supra; General Exchange Ins. Corporation v. Carp, La.App., 176 So. 145; Comeaux v. Blanchet, La.App., 69 So.2d 527; Wyche v. Brian, La.App., 28 So.2d 143.
*480 Manifest error in the judgment appealed has not been pointed out and our own review of the record fails to disclose any such error. Accordingly, the judgment appealed is affirmed at appellant's cost.
Affirmed.