BOLIN, Judge.
Plaintiffs have appealed from a judgment of the lower court rejecting their claim for personal injuries and certain special damages arising out of an intersec-tional collision between vehicles being operated by Mrs. Gorman and an employee of Fitzgerald Plumbing and Heating Co., Inc. The plumbing company and its public liability insurer were named defendants in the action.
The accident occurred at the intersection of Portland Avenue and Drexel Street in Shreveport, Louisiana, on March 12, 1959, which the record shows was a clear and dry day. Mrs. Gorman was driving the community automobile in a southerly direction on Portland Avenue and the vehicle owned and insured by defendants was travelling in a westerly direction on Drexel. It was the testimony of Mrs. Gorman that she slowed as she neared the intersection, looked to the left and right but saw no approaching traffic and proceeded to negotiate the intersection. She stated she did not see the other automobile until just before the collision. Apparently she applied her brakes at this time as the investigating police officer testified she laid down skid marks twelve feet in length.
Herman Stanbury, employee of the defendant plumbing company, testified he was proceeding at about 30 miles per hour on Drexel and saw plaintiffs’ vehicle when it was approximately ten feet from the crossing. He observed that she was slowing down and thought, so he testified, she was going to stop. Thereupon, he continued his movement down Drexel. When Stanbury realized Mrs. Gorman was not stopping, he immediately applied his brakes and skidded thirty-six feet but was unable to avoid the collision.
The evidence shows that each street was approximately 35 feet wide at the intersection, and neither was bordered by a curb or sidewalk. This intersection is a neutral one as 'it is not controlled by signs, semaphore signals or ordinance. As plaintiffs’ *604 automobile was approaching from the right of the vehicle owned and insured by defendants, a right of way is claimed under LSA-R.S. 32:237, subd. A., which is as follows:
“When two vehicles approach or enter an intersection at approximately the same time, the driver approaching from the right shall have the right of ■way. * * ^
There is practically no dispute as to the pertinent facts in this case as stated above. Therefore, we have before us on appeal for determination, purely a question of law which may be stated thusly: Where two motorists approach an intersection at approximately the same time and the one approaching from the right looks in both directions and slowly proceeds to enter same, and is struck by a motorist from her left who was travelling at a moderate rate of speed but did not slow down, is the motorist approaching from the right guilty of contributory negligence for failure to observe the motorist on her left, who was within her vision, or is she free from negligence under the statute which accords her the right of way?
We think this issue was decided in Noonan v. London Guarantee & Accident Company, Ltd., La.App. 2 Cir., 1961, 128 So.2d 918, 920, certiorari denied. In that case, this Court was presented with substantially the same factual situation as in the matter now under consideration. After a recitation of the rules governing the duties of motorists afforded a right of way by electric semaphore signals and stop signs, the Court said:
“We now pass to that portion of our jurisprudence which has not been made so certain by any decisions from our Supreme Court. We refer to the question now before us wherein we do not have either a semaphore light or a stop sign, or even knowledge on the part of the motorist on the favored street that the law affords her a right of way. In other words, the plaintiff in this case would clearly be free of any contributory negligence if the right of way had been granted by means of a light or a stop sign, but is she granted such a superior right by the operation of the law under the state statute which gives her such a right of way merely because she was approaching the intersection from the right? Even though we have not been cited to any Supreme Court cases-directly on point, we feel the case of Allen v. State Farm Mutual Automobile Insurance Company, La.App. 2 Cir.,. 1960, 120 So.2d 372, 375, is controlling. In that case the facts were almost identical to those now under consideration except that the accident occurred at the intersection of two highways rather than city streets. In that case we held as follows:
“ ‘The general rule is that motorists on right-of-way streets have a right to assume that traffic approaching the intersection from less-favored streets will observe the law and yield the right of way to traffic on such favored streets, and that such motorists can indulge in this assumption until they see, or should see,' that the other motorist has not observed, or is not going to observe, the law. * * *
“ ‘This principal has application at blind corners, or blind intersections, regardless of whether the movement of traffic is controlled or governed by signal lights, stop signs, or the statutory rule as to directional right of way.’ ”
Applying the facts of this case to the law as outlined in Noonan v. London Guarantee and Accident Co., Ltd., supra, we have no difficulty in concluding that the driver of the vehicle colliding with Mrs. Gorman was negligent in entering the intersection on an inferior street as he did; and that such negligence was the proximate cause of the accident. On the other hand, we do not find the plaintiff, Mrs. Gorman, guilty of any negligence which contributed to this accident by her failure to observe- *605 the approach of the other vehicle until too late to avoid the accident. Having the right of way, she could have only been guilty of negligence which would have been a proximate cause of the accident by a substantial dereliction of her duty, which we do not find from the facts of this case. The un-contradicted facts show that she slowed her automobile and glanced to her left and right before entering the intersection, and we do not feel the law exacted from her any greater degree of observation under the circumstances.
The plaintiff, Jesse A. Gorman, has established his claim for the following items which are due the community as a result of the accident:
1. Property damage to the automobile -$663.92
2. Payments to the Orthopedic Clinic for treatment of Mrs. Gorman- 70.00
Mrs. Gorman suffered presonal injuries as a result of the accident which were purely temporary in nature, but did cause her some pain, suffering, and discomfort, for which she is entitled to be recompensed. The medical evidence consisted of written reports of Dr. Harold R. Bicknell. These reports reveal Mrs. Gorman received abrasions and contusions of the right knee as well as a strain in the low back region and was nervous and upset as a result of the accident. She was prescribed tranquilizers, firm bed, heat, and aspirin as needed. Of the reports filed, the latest was dated March 30, 1959, or some 18 days following the accident. The record convinces us that Mrs. Gorman suffered pain and discomfort of a minor and temporary nature, for which we think she is entitled to a judgment in the sum of $750.
For the reasons stated, the judgment of the lower court is reversed and set aside, and judgment is now rendered in favor of the plaintiff, Jesse A. Gorman, and against the defendants, Fitzgerald Plumbing and Heating Co., Inc., and Indemnity Insurance Company of North America, in solido, in the sum of $703.92, and in favor of the plaintiff, Mrs. Neva T. Gorman, against said defendants in the sum of $750, with legal interest thereon from the date of judicial demand until paid on both such awards, together with all costs of these proceedings, including those of this appeal.
Reversed and rendered.