HAMLIN, Justice.
We granted Certiorari in this matter in> order that we might review a judgment of the Court of Appeal, Fourth Circuit (La.. App., 138 So.2d 231) which affirmed a judgment of the trial court dismissing plaintiffs’’ suit at their costs.
In their application for Certiorari, relators made the following pertinent statement which we thought merited our consideration :
“Petitioners contend that the decision of the District Court and the Court of Appeal are both erroneous and contrary to the law of this State, and particularly the law as expressed by the-Supreme Court [Court of Appeal] in the case of Allen v. State Farm Mutual Insurance Company, 120 So.2d 372, page 375.
*749 “The question herein raised, is one purely of law and it may be stated as follows:
“ ‘Where two motorists approach an intersection at approximately the same time, and the one approaching from the right looks in both directions and slowly proceeds to enter the intersection, and is struck by a motorist from her left who was traveling at a moderate rate •of speed, but did not slow down. Is the motorist approaching from the right guilty of contributory negligence for failure to observe the motorist on her left, who was within her vision, •or is she free from. negligence under the statute which accords her the right •of way?’
“The intersecting streets are of equal •dignity, .and there was no traffic control on either street. Two decisions •directly on this point are Noonan v. London Guaranty & Accident Company, [La.App.,] 128 So.2d 918; and Gorman v. Indemnity Ins. Co. of North America, [La.App.,] 134 So.2d 602. Both of these decisions were in favor of the. plaintiff.”
• The instant matter involves an automobile accident which occurred at the intersection of Pressburg and Nighthart Streets, New Orleans, Louisiana, on February 21, 1959, at approximately 8:30 A.M.; there were no traffic controls of any kind at the intersection, and the streets were of equal dignity. A 1956 Chevrolet being driven in a southerly direction on Nighthart Street by Mrs. Rowena Smith collided with an automobile being driven by Aaron L. Borchers, a minor, in a westerly direction on Pressburg Street. Both ■ drivers were alone in the respective cars and were the only witnesses to the accident. The Court of Appeal correctly found that “the impact occurred approximately in the center of the intersection when the front and left front portion of the plaintiff car struck the right side of the two-door defendant, car at, and slightly forward of, the right door. Both cars traveled a distance of between 30 to 40 feet after the impact and came to a stop, side by side, on the north side of Pressburg Street just past the intersection, with the defendant car on the sidewalk facing west, the same direction in which it had been traveling, and the plaintiff car next to the curb also facing west, a 90° turn from the direction in which it had been traveling.”
Mrs. Smith brought suit to recover damages for personal injuries suffered; she was joined by her husband, Herbert J. Smith, who sought to recover the cost of damages to the Chevrolet owned by the community. Joined as a defendant with Aaron L. Borchers was' his father, Harry H.- Borchers, Jr.; they pleaded contributory negligence.. [1] , ■
*751 The trial court and the Court of Appeal both found that Mrs. Smith was guilty of contributory negligence, which barred the recovery of damages.
In this Court, relators contend that defendants failed to prove any contributory negligence whatsoever; that it was error on the part of the district court and of the Court of Appeal in not accepting plaintiffs’ uncontradicted' testimony and in failing to take into consideration the law as described in LSA-R.S. 32:237, affording to the vehicle coming from the right, the right of way, as well as the recent decisions which clearly define the scope and limits of this statutory right.[1] As stated supra, relators argue that certain recent decisions are apposite to the present matter, and that their holdings are contrary to the instant judgment of the district court affirmed by the Court of Appeal.
Mrs. Smith testified that she lived about three-quarters of a block from the intersection at which the accident occurred and that just prior to the occurrence she had “backed out of the driveway, my rear end towards the lake, headed towards the river, Chef Menteur, and it was a cold morning and my 1956 Chevrolet was sort of missing, sputtering, so I wasn’t—I can’t get up any speed, in other words, so I was going towards Chef Menteur and I guess I must' have been doing about, oh, off and on, 10' or 15 miles an hour, and just as I got up to. the intersection I looked to the right first, and then to the left, but I didn’t see Aaron. Borchers’ car at all; I did apply the brakes, the instant I saw his car, which was just before the impact. My foot was still on the brake after the accident.” She said, that she was ten or fifteen feet before the-intersection when she looked to her right;, that she then looked to her left but did not. see the Borchers car until a second before-the accident. She remembered saying to. herself, “my goodness, where did he come-from.” Mrs. Smith placed her speed at' between ten and fifteen miles per hour at. the time she commenced observing the-intersection; she said that her speed was-between five and ten miles per hour when she slowly applied her brakes as she approached the intersection. She testified' several times that one could see 240 feet, down Pressburg when entering the intersection at Nighthart Street, but on redirect, examination she said, “Well, in other words,, if you are coming down Nighthart, this way,, unless you get in the center of Pressburg' no one can see the full block 240 feet on: both sides. I was not in the center. I was. looking at an angle. I could see the full: *753 ~block to the right looking like this, hut I couldn’t see the full block to the left due -to the fact there was weeds back there growing up on the empty lot behind the house and Page fence too. I could see -practically 120 feet to the left of Pressburg .-and the full block to the right.” On re■cross examination, Mrs. Smith testified:
“Q. So if you were wrong in your testimony a while ago when you said you looked to your left all the way to -the next corner, 240 feet away, and •could not see a car—if you were wrong iin that, you still could have seen a car 120 feet along Pressburg to your left as ;you approached the intersection, and ;you did not see a car—is that correct?
“A. To my left as I approached the .intersection ?
“Q. Yes.
‘“A. If the car had been 120 feet?
'“Q. Yes—you could have seen it?
'“A. Sure, I could have.
“Q. And you couldn’t see the car in that 120 feet?
“A. No, sir.”
Aaron L. Borchers testified that he was ■driving between twenty and twenty-five miles per hour when he entered the intersection; that just prior to entering the intersection (about a half a car length before the corner), he looked to his right and then to his left and did not see Mrs. Smith’s car; that as he entered the intersection he looked back to his right, and saw Mrs. Smith’s car and she was right on top of him. When asked about the impact, Borchers testified as follows:
“Q. Can you describe the impact when Mrs. Smith’s car hit the right side of your car? Was it light, or medium, or heavy?
“A. No, sir—I wound up on the opposite side of the car. I was thrown to the opposite side of the car.
“Q. What I want to find out is what was the nature of the impact itself. Was it a light blow, or heavy blow, or what?
“A. Well, it was a heavy blow.”
Our appreciation of the above testimony is that both vehicles were being driven at a moderate rate of speed; that at the time of impact, the Borchers car was further into the intersection than the Smith car; that neither driver saw the other before entering the intersection; that both drivers saw each other after they had entered the intersection, and it was too late to avoid the impact.
Since we are only concerned with the question of the contributory negligence vel non of Mrs. Smith, we shall consider LSA-R.S. 32 :237 as it applies to her. Under the circumstances of the case, Mrs.. *755 Smith was driving on the favored street, in'that her vehicle was to the right of the automobile driven by Borchers. Despite this fact, she was charged with a responsibility. “The obligation rests upon the motorist traveling on a favored street to so operate his automobile as to comply with all provisions of traffic regulations and in a prudent manner, having due respect for the rights of and conditions governing other, motorists who may happen to be crossing the right of way street.” McClenaghan v. United States Fidelity & Guaranty Co., La.App., 79 So.2d 373. See, Wilson v. Williams, La.App., 82 So.2d 71; Randall v. Baton Rouge Bus Co., 240 La. 527, 124 So.2d 535; Allen v. State Farm Mutual Automobile Insurance Co., La.App., 120 So.2d 372. .
 Those in charge of and operating motor . cars and engines . are charged with a duty to .look and observe, which never ceases; that what they can see they must see, and in legal contemplation they do see; that -their failure to see what they could have seen by the exercise of due diligence does .not absolve them from liability. MeCandless. v. Southern Bell Telephone & Tel. Co., 239 La. 983, 120 So.2d 501; Angeron v. Guzzino, La.App., 140 So.2d 669; Sullivan v. Locke, La.App., 73 So.2d 616. Fven when one has the right of way he is not relieved' from' the' necessity of looking into the direction from which others may be expected' to ’ c'ome, and where such • card" would have prevented the accident, he who - fails to look or to keep a proper lookout cannot recover, even though the other party was grossly at fault. Martin v. Adams, La.App., 88 So.2d 476.
It is true that in the cases of Allen v.. State Farm Mutual Automobile Insurance Co., La.App., 120 So.2d 372, Noonan v. London Guarantee and Accident Company, La.App., 128 So.2d 918, and Gorman v. Indemnity Ins. Co. of North America, La. App., 134 So.2d 602 (cited and relied on by plaintiffs), the Court of Appeal, Second Circuit, rejected pleas of contributory negligence and rendered judgments in favor of drivers having the superior right of way under LSA-R.S. 32:237; but, a careful reading of these cases shows that they were decided on the facts of the individual cases- and not on a general principle of law.
In a case of this type it is necessary that we first consider the locus in quo upon which there is generally little dispute. We then must consider the testimony of the persons who witnessed the accident, plus-the physical facts at the time of and following the accident, in an endeavor to ascertain how the accident occurred. We then must apply the law to the case to determine the responsibility for the accident. Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535, 537. A reading of the testimony, supra, and an examination of the photographs of' the two cars in the state and condition they were after the accident *757 which were filed in evidence by defendants, • convince us that Mrs. Smith did not use the proper care required of a motorist approaching and entering an intersection such •as that at Pressburg and Nighthart Streets.[2] Had she properly observed the street to her 'left, which was clear for at least 120 feet, ■.she could have seen the Borchers car which was proceeding at a moderate speed and could have avoided the collision. Mrs. Smith is therefore presumed to have seen the Borchers car and cannot be absolved of liability.
The defendant carries the burden -of proving all facts necessary to the establishment of contributory negligence unless it be shown by evidence relied upon by plaintiff. McCandless v. Southern Bell Telephone & Tel. Co., 239 La. 983, 120 So.2d 501; McClenaghan v. United States Fidelity & Guaranty Co., La.App., 79 So.2d 373. As stated supra, the testimony of both drivers and the photographs filed in evidence by defendants are replete in showing that Mrs. Smith was guilty of contributory negligence. Plaintiffs are therefore incorrect in their assertion that their testimony was uncontradicted and not discredited by any .other evidence as proof of liability.
For the reasons assigned, the judgment ■of the Court of Appeal, Fourth Circuit, is .affirmed at relators’ costs.

. See description of Court of Appeal,-.supra.