BOLIN, Judge.
Louisiana Fire Insurance Company brought suit against Mr. and Mrs. Dude Laster and their insurer,' Allstate Insurance Company, and against J. B. Lee Tractor and Implement Company, Inc., and its insurer, Hardware Mutual Casualty Company. Plaintiff is the insurer of a house belonging to W. R. Freeman in Shreveport, Louisiana. The Freeman house was damaged when a pickup truck, driven by an *664 employee of the Lee Company, collided with a station wagon driven by Mrs. Laster. The impact propelled the truck into the front of the house causing damage to the dwelling in the stipulated amount of $1,-036.40. Louisiana Fire Insurance Company paid the claim of its insured and sues now as subrogee of the rights of Freeman against defendants.
The lower court decided the collision was caused solely by the negligence of the driver of the pickup truck and rendered judgment in favor of plaintiff for the stipulated amount. The Lee Company and Hardware Mutual appeal suspensively and devolutively; plaintiff appeals devolutively from that portion of the judgment rejecting its demands against the Lasters and their insurer.
The accident occurred in the intersection of Mayfair and Crestmoor Streets in the City of Shreveport. Mayfair Street runs in an east and west direction and Crest-moor north and south. Mayfair is the right-of-way street and traffic entering Mayfair from Crestmoor on either side is confronted with a stop sign. Mrs. Laster was driving the station wagon in an easterly direction on Mayfair and the Lee pickup, driven by L. J. Hortman, was proceeding south on Crestmoor.
Hortman testified he was driving at a reasonable rate of speed; that he stopped before entering Mayfair and looked in both directions. He stated he observed no one approaching and he slowly entered the intersection when he was struck by the Las-ter car which was approaching from his right.
Mrs. Laster testified she was transporting several children from a swimming party to their homes in her neighborhood. She was within two blocks of her home and was familiar with the streets. She knew she was traveling on a right-of-way street and that stop signs on Crestmoor warned motorists using such street to stop before entering Mayfair. She estimated her speed at 20 to 25 miles per hour as she approached' and entered the intersection. She stated', her view was somewhat obstructed by parked vehicles on the streets near the-intersection. Flowever, she was not required to nor did she stop. She testified she did not make any extensive observation-of traffic approaching on the intersecting street before proceeding east on Mayfair.
At the conclusion of the trial the judge dictated his findings into the record. He concluded the accident was caused solely by the negligence of the driver of the Lee-pickup in entering a superior street without making proper observation.
In our opinion Hortman was guilty of negligence, even accepting his own version of the occurrence. He knew he was' traveling on an inferior street and he-stopped before entering the intersection at a position from which he could have seen the Laster station wagon had he been keeping a proper lookout.
It is strenuously argued in this court that Mrs. Laster was guilty of contributory negligence in failing to observe the pickup before entering the intersection. The motorist on a right-of-way street with knowledge of the location of a stop sign on the inferior street has a right to assume that any driver approaching the intersection from the less-favored street will observe the law, bring his car to a stop before entering the intersection, and will accord traffic on the superior thoroughfare the right of way. Such motorist can indulge in this assumption until he sees or should see that the other car has not observed or is not going to observe the law. Henderson v. Central Mutual Insurance Company, 238 La. 250, 115 So.2d 339 (1959); Koob v. Cooperative Cab Company, 213 La. 903, 35 So.2d 849 (1948).
Counsel for Louisiana Fire contends the driver on a right-of-way street owes the duty to a motorist approaching an intersection from an inferior street to maintain some observation and may not *665 be indifferent to the rights of others, crtmg Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535 (1960), and Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962). From our review of this record we are convinced Mrs. Laster exercised the degree of observation required of her un- • der the circumstances. Therefore, the cited cases are inapposite.
The judgment appealed from is affirmed at appellants’ cost.
Affirmed.