TATE, Judge.
This is a personal injury suit. The plaintiff was a passenger in one of two auto-mobiles which collided at an intersection. She sues both drivers and their insurers. The trial court granted her judgment. The •defendants appeal. The plaintiff answers the appeal to request an increase in the .award.
The principal issue of the appeal is •whether the negligence of the right-of-way ■driver contributed to the accident. Decision of this question essentially depends upon whether the trial court correctly evaluated the factual testimony.
The collision occurred one morning at a -city intersection. The plaintiff was riding in the vehicle approaching from the side-•street. Her driver stopped at the stop ■sign. He observed for oncoming traffic •on the main thoroughfare, but failed to ■observe a slowly approaching right-of-way ■vehicle driven by the defendant Miller, :so he entered the intersection slowly. The Miller automobile struck the plaintiff’s vehicle after the latter had nearly completed its crossing of the right-of-way street.
The applicable legal principles are not 'in dispute:
At an intersection controlled by a traffic light or a stop sign, a motorist on the favored street has the right to assume that any driver entering an intersection will observe the law and will yield the right of way before entering the intersection; and the favored motorist can indulge in this assumption until such time as he sees or should see that the inferior car has not observed his right of way or is not going to observe it. Stevens v. Liberty Mut. Ins. Co., 242 La. 1006, 141 So.2d 346; Youngblood v. Robison, 239 La. 338, 118 So.2d 431, 2 A.L.R.3d 1; Henderson v. Central Mutual Ins. Co., 238 La. 250, 115 So.2d 339. See also Bourgeois v. Francois, 245 La. 875, 161 So.2d 750. On the other hand, if the superior driver sees or should see that the inferior vehicle is going to violate his right of way, and if thereafter the superior driver has a reasonable opportunity to avoid the accident by evasive action, then his negligence is at least a contributory proximate cause of the accident. Smith v. Borchers, 243 La. 746, 146 So.2d 793; Randall v. Baton Rouge Bus Co., 240 La. 527, 124 So.2d 535.
The trial court found that the negligent lack of lookout of Miller, the right-of-way driver, was a contributing cause of the accident. The significant evidence in this regard includes:
The inferior motorist testified that, after stopping at the sign, he had entered and was crossing the intersection at the speed of 5-10 mph. At that slow speed, his vehicle had nevertheless crossed %ths of the rather wide (36j4 feet) main thoroughfare before its rear door and fender was struck by Miller’s automobile. Miller himself was approaching at a slow speed, estimated by himself at from 10-20 mph, having slowed because a child had run in his path and because there were many cars parked and people nearby for a wedding reception.
Further, Miller testified that, when he first saw the plaintiff’s car, it had already moved nearly halfway through the intersection and was moving at á slow speed. Miller estimated that his own vehicle was at the time from 45-60 feet from the intersection. A stopping distance chart introduced into evidence without objection tends to show that, if Miller had indeed observed the plaintiff’s vehicle at that distance, he could have stopped his own slowly moving vehicle before the impact. In addition, substantial testimony as to the lack of any sound (screeching, etc.) of brake' application tends to indicate that Miller’s brakes were not applied prior to the impact, even if we accept his contention that no brake marks showed on the pavement because of its dampness.
We find no manifest error in the trial court’s evaluation of the testimony *892 as showing that the lack of lookout of the right-of-way motorist, Miller, contributed to the accident in that, at the slow speeds of both vehicles, he could and should have observed the inferior motorist’s entry into and his progress across the intersection at a time when action was reasonably possible on Miller’s part to avert the accident. See Smith v. Borchers, 243 La. 746, 146 So.2d 793.
Miller’s counsel forcefully argues that actually Miller had no opportunity to avoid the accident after the plaintiff’s driver suddenly entered the main thoroughfare in derogation of his right of way. The evidence relied upon does not in our opinion require a reversal of the trial court’s evaluation of the preponderance of the evidence as proving otherwise.
Thus cases relied upon by Miller’s counsel are factually distinguishable. In Williams v. State Farm Mutual Auto. Ins. Co., La.App. 2 Cir., 148 So.2d 126, for instance, under the facts there present the trial court’s finding was affirmed that the right-of-way motorist had no time for evasive action following a reasonable first discovery that the driver on the less favored street would attempt to cross in his path. Again, in Louisiana Fire Ins. Co. v. Allstate Ins. Co., La.App. 2 Cir., 186 So.2d 663, on observing the approach of the inferior vehicle the right-of-way driver could not reasonably have realized in time to take evasive action that it was going to enter the intersection in disregard of his right of way.
The remaining issues do not require extended comment.
The driver of the car in which the plaintiff was riding contends that he himself was not negligent. He claims that he had pre-empted the intersection by his earlier entry into it. However, the evidence shows that he could and should have observed the approaching right-of-way vehicle but failed to do so.
His entry into the intersection in the path of the right-of-way vehicle was negligent. A motorist with the inferior right of way does not pre-empt— i. e., have a superior legal right to be in— an intersection unless he enters it when, because of the distance from the intersection of oncoming right-of-way traffic, he may reasonably assume that his crossing can be safely executed without requiring an emergency stop from any right-of-way vehicle. See Andrea v. Hicks, La.App. 3 Cir., 125 So.2d 251, and many cases cited therein.
The remaining issue relates to quantum. The trial court awarded the plaintiff, a 65-year-old widow, $5,500 general damages for her personal injuries, and $1,550.40-proven special damages by way of medical expenses. The opposing parties contend respectively that the award for general damages should be increased or decreased.
The evidence shows that the impact threw the plaintiff from the vehicle onto the pavement. She suffered a fracture of 5-8 ribs,, a fracture of the left clavicle, and a shoulder separation which produced a permanent shoulder residual by way of some pain and weakness upon lifting or overhead motion estimated at 15%. She also suffered, lacerations of the scalp and ear, as welt as a concussion. She was hospitalized for a month and was under medical care for over five months.
We will not disturb the award of $5,500 general damages for these personal injuries. It is within the great discretion-vested in tlie trial court in such awards.
For the foregoing reasons, we find no' error in the trial court’s finding that the negligence of both drivers contributed to-the accident nor in the amount of the award made by it. The judgment is therefore affirmed in all respects. The costs, of this appeal are to be paid by the defendants-appellants.
Affirmed.