216 So.2d 310 (1968)
Edward DENTON et al., Plaintiffs, Appellees,
v.
Marshall F. FONTENOT et al., Defendants, Appellees.
No. 2457.
Court of Appeal of Louisiana, Third Circuit.
December 5, 1968.
*311 Voorhies, Labbe, Fontenot, Leonard & McGlasson, by Patrick A. Juneau, Jr., Lafayette, Lewis & Lewis, by Seth Lewis, Jr., Opelousas, for defendants-appellants-appellees.
Guillory, Guillory & Guillory, by Robert K. Guillory, Eunice, for plaintiff-appellee.
Dubuisson & Dubuisson, by James T. Guglielmo, Opelousas, for defendants-appellees-appellants.
Before TATE, SAVOY and HOOD, JJ.
HOOD, Judge.
Plaintiffs, Edward Denton and Mr. and Mrs. Andrew Lavergne, instituted this suit for damages for personal injuries sustained by Denton and Mrs. Lavergne as the result of a motor vehicle collision. The injured plaintiffs were riding as guest passengers in an automobile being driven by Robert Denton, when the Denton car collided with a vehicle being driven by Marshall Fontenot. The suit was instituted against the drivers of the two automobiles and the liability insurers of both of said drivers.
The trial judge concluded that the drivers of both cars were negligent. Judgment on the merits thus was rendered in favor of all three plaintiffs, against both of the defendant drivers and their insurers. All of the defendants have appealed.
On this appeal defendant Denton and his insurers contend that the accident was caused solely by the negligence of Fontenot. Fontenot and his insurer, on the other hand, contend that the collision resulted solely from the negligence of Robert Denton.
The accident occurred about 3:45 p. m. on February 22, 1966, at the intersection of Grolee and Market Streets, in Opelousas. Grolee Street runs east and west, and Market runs north and south. Both streets are hard surfaced, and the intersection is controlled by an automatic semaphore traffic light. There are no buildings or obstructions near that crossing which would prevent two motorists, one traveling east on Grolee and the other traveling north on Market, from seeing each other a substantial distance before they reached the intersection.
At the time the accident occurred Robert Denton was driving his automobile east on Grolee Street. There were several passengers in his car, including the two injured plaintiffs. His automobile was about the fourth or fifth vehicle behind the hearse in a funeral procession, and the lights of all cars in that procession, including Denton's, were burning. As the Denton car was traversing the intersection, the right side of it was struck by the front of the car being driven by Fontenot. The Fontenot car at that time was traveling north on Market Street, and the collision occurred in the southeast quadrant of the intersection.
The vehicles in the funeral procession, including Denton's automobile, were traveling at a speed of from 10 to 20 miles per hour as they went through the intersection. Fontenot was driving his car at a speed of about 25 miles per hour.
Robert Denton testified that he did not observe the traffic signal light or approaching vehicles on Market Street as he neared the crossing, and that he did not see the Fontenot car until the accident occurred. He stated that he did not consider it necessary to notice the traffic light or approaching traffic, because he felt that vehicles in the funeral procession had the right of way as they traversed the intersection, whether *312 the traffic signal light was or was not favorable to them.
Fontenot testified that the traffic light was green for vehicles on Market Street as he approached and entered the intersection, and that he was not aware of the fact that a funeral procession was traversing it at that time. He acknowledges that when he was about 50 feet from the intersection he saw the car which was immediately ahead of Denton go through the crossing on a red light, and that for that reason he reduced the speed of his car. He stated that he then saw the Denton car "right at the corner of the street," that it was "moving very slowabout ten or fifteen miles an hour," that he thought it was going to stop, and that when he determined that Denton was not going to stop he applied his brakes but was unable to avoid a collision.
Some of the testimony is conflicting as to which of the two drivers had a favorable traffic signal light as he entered the intersection, as to the distance which intervened between the Denton car and the automobile which was immediately ahead of it in the procession, and as to whether the funeral procession was accompanied by a police escort. We have reviewed the evidence carefully, and have concluded that the traffic light was favorable to Fontenot and was unfavorable to Denton as they entered the crossing. We find that the Denton car was about 15 or 20 feet behind the vehicle which was immediately ahead of it and that the funeral procession was not led or accompanied by a police escort as it traversed this particular intersection.
A city ordinance regulating traffic on several streets in the City of Opelousas was in effect at the time this accident occurred. Counsel for all parties to this suit and the trial judge have observed, and we agree, that the provisions of that ordinance are vague and confusing as to which of the two drivers had the right of way at this intersection under the circumstances which existed when the accident occurred. We have concluded, however, that the ordinance provides that traffic at this intersection ordinarily is to be controlled by the automatic traffic signal light which is located there, but that vehicles composing a funeral procession are not required to stop at an unfavorable traffic light at that crossing "if the first or leading vehicle" in the procession has complied with the traffic signal.
The evidence does not show whether the first or leading vehicle in this procession complied with the traffic signal at that intersection, so the evidence is inconclusive as to whether the Denton car had the right of way as it entered the crossing. We think it is immaterial to the issues presented here, however, whether the Denton car did or did not have the preferred right to proceed through the crossing, because we have concluded that the driver of that car was negligent in failing to maintain a proper lookout, even if we assume that he had the legal right of way under the above mentioned city ordinance.
Defendant Denton and his insurers rely on the established rule of law that a motorist traveling on a favored street is entitled to assume that drivers on the less favored street will obey the law and respect his right of way. Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964); Kientz v. Charles Dennery Inc., 209 La. 144, 24 So.2d 292 (1945). They contend that Denton, being the driver of one of the vehicles constituting the funeral procession, had the superior right to traverse the intersection, and that he thus was entitled to assume that Fontenot would yield the right of way to him.
Our law is settled, however, that even when a motorist has the right of way at an intersection, he is not relieved of the duty of looking into the direction from which others may be expected to come; and where the exercise of such care would have prevented the accident, the driver who fails to look or to maintain such a lookout will be held to be negligent. Martin v. Adams, 88 So.2d 476 (La.App.2d Cir. *313 1956); Derouen v. American Employers Insurance Company, 240 La. 486, 123 So. 2d 896 (1960); Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962).
In Smith v. Borchers, supra, for instance, our Supreme Court said:
"Those in charge of and operating motor cars and engines are charged with a duty to look and observe, which never ceases; that what they can see they must see, and in legal contemplation they do see; that their failure to see what they could have seen by the exercise of due diligence does not absolve them from liability. McCandless v. Southern Bell Telephone & Tel. Co., 239 La. 983, 120 So.2d 501; Angeron v. Guzzino, La.App., 140 So.2d 669; Sullivan v. Locke, La. App., 73 So.2d 616. Even when one has the right of way he is not relieved from the necessity of looking into the direction from which others may be expected to come, and where such care would have prevented the accident, he who fails to look or to keep a proper lookout cannot recover, even though the other party was grossly at fault. Martin v. Adams, La. App., 88 So.2d 476."
In the instant suit the evidence shows that the Denton car was being driven at a very slow rate of speed. Defendant Denton testified that he could have stopped within "a couple of feet, maybe." If he had looked and observed the Fontenot car approaching, it is apparent that he could have avoided the accident by simply bringing his car to a stop.
Although Denton may have had the legal right of way at that intersection, he should have observed that he was entering the crossing on a red light. If he had done so, then he reasonably should have expected that other drivers on the intersecting street might also attempt to negotiate the crossing while the traffic light was green, or favorable, for them. Under those circumstances we do not think Denton had the right to rely blindly on the assumption that motorists on the intersecting street would notice that his car was in a funeral procession and thereupon would yield the right of way to him.
Our conclusion is that under the circumstances presented here, defendant Denton was negligent in failing to observe that the traffic light was red as he entered the intersection, and in failing to look and to determine that the Fontenot car was approaching the crossing from the intersecting street. If Denton had maintained a proper lookout the accident would have been avoided. We agree with the trial judge that Denton's negligence in failing to maitnain a proper lookout was a proximate cause of the accident.
We also agree with the trial judge that Fontenot was negligent in failing to maintain a proper lookout as he approached the intersection.
Applicable here is the rule that a motorist, proceeding into an intersection on a favorable light under an electric semaphore system, may assume that other motorists on the intersecting street, faced with an unfavorable light will observe and obey such a light; and the favored motorist may indulge in that assumption until such time as he sees or should see that the driver with the unfavorable light has not observed or is not going to observe his right of way. If the motorist who has the favorable traffic light sees or should see that the other driver is going to violate his right of way, and thereafter the favored driver has a reasonable opportunity to avoid the accident and fails to do so, then the negligence of the latter in failing to take evasive action when he had an opportunity to do so is a proximate cause of the accident. Kientz v. Charles Dennery Inc., supra; Schouest v. American Casualty Company, 204 So.2d 52 (La.App. 4th Cir. 1967); Sims v. Miller, 193 So.2d 890 (La.App. 3d Cir. 1967).
In the instant suit, the collision occurred in the southeast quadrant of the intersection. The front of the Fontenot automobile struck the right side of the Denton car, between *314 the right front door and the right front fender. From these established facts, we conclude that by the time the collision occurred the front of the Denton car had traversed more than one-half the distance through the intersection, while the Fontenot car had traveled only a very short distance into it.
We have already noted that Fontenot saw the car immediately ahead of Denton cross the intersection on a red light, and that that concerned him enough to cause him to reduce his speed. The fact that Fontenot saw one car go through the red light, and another vehicle following it within a distance of 15 or 20 feet, should have caused him to suspect, we think, that a funeral procession was traversing the intersection. If he had maintained a proper lookout, he would have observed that the lights on the Denton car, and those which followed it, were burning, and thus there would have been no question but that a funeral procession was traversing the intersection and that the Denton car was a vehicle in that procession. We are convinced that Fontenot was negligent in failing to maintain a proper lookout, and that his negligence in that respect was also a proximate cause of the accident. See Martin v. Adams, supra, and Smith v. Borchers, supra.
We find no error in the judgment of the trial court condemning the drivers of both automobiles, and their insurers, to pay the damages which were sustained by plaintiffs as a result of this accident.
No question has been raised by defendants as to the amount of the general damages which were awarded by the trial court. Some of the defendants contend that the award made to plaintiffs to cover the medical bills of the treating physician is excessive and should be reduced. We have examined the record, and we cannot say that the trial court erred in allowing the full amount of the bill of this treating physician.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.