TAYLOR, Judge.
Petitioner’s son, George L. Babin, Jr., age 16, was injured in an automobile accident on March 29, 1967. Babin, Jr., riding his bicycle was attempting to cross the service road adjacent to the West Bank Expressway. He emerged from a place of safety, i. e. a pedestrian crosswalk which spans a drainage ditch, and began to cross the roadway. Although the service road accommodates two lanes of traffic — one moving upriver and the other downriver— the boy did not look in both directions prior to entering that thoroughfare. He looked only to his immediate left. The defendant, William Casby Jr., was driving his automobile in an upriver direction on the service road and struck petitioner’s son who had not looked in the direction in which the car had come.
Plaintiff contends that the defendant was straddling the center line of the service road and was guilty of the following acts of negligence: a) failure to maintain a proper lookout, b) driving in the wrong lane of traffic, c) failure to have his vehicle under control, d) failure to observe the rules of ordinary caution and e) failure to use reasonable care under the circumstances.
The defendant and his insurance carrier answered and denied that they were negligent but in the alternative alleged that petitioner’s son was himself guilty of contributory negligence. The trial court concluded that the defendant was negligent but that the evidence also proved negligence on the part of the Babin boy which was a contributing proximate cause of the accident. Suit of the plaintiff, individually and for his minor son was dismissed. It is from this judgment of dismissal that the plaintiff-appellant prosecutes this appeal.
The findings of the trial court on questions of facts may be reversed only for manifest error. The trial court has great discretion in its determination of facts and its opinion is to be accorded great weight, especially its findings of credibility of witnesses. Readco Industries, Inc. v. Myrmax Specialties, Inc., La.App., 236 So.2d 573 (1970); Gay v. Travelers Ins. Co., La.App., 234 So.2d 241 (1970).
From a reading of the record we are of the opinion that the negligence of the defendant was conclusively shown. The trial court found as a fact that defendant was looking to his right and not to the front before the accident and further that he was straddling the center line. We agree with these findings of fact as they are supported in part by the following testimony of the defendant:
“Q. Now, prior to the impact between your car and MR. BABIN, I believe you were looking towards the River. Is that right?
“A. Well, at every corner I looked that way to see if any traffic was coming that way from the River, because it’s a DEAD END at MICHAEL STREET and the SERVICE ROAD.
“Q. Now, is it not true that there is a cross walk between the SERVICE ROAD and the EXPRESSWAY, at MICHAEL STREET?
“A. Yes, sir.
“Q. And this cross walk is not for vehicular traffic; is it?
“A. No, sir; it’s not.
“Q. It’s strictly for pedestrians?
“A. That’s what I THINK.
“Q. And you said as you were crossing MICHAEL STREET you looked towards the River. Is that correct ?
“A. Yes, sir.
“Q. Could you tell us approximately how far from the intersection of MICHAEL STREET and the SERVICE ROAD you began to look towards the RIVER?
“A. I’d say about FORTY (40') or FIFTY (50') FEET from the corner.
*228 “Q. So that as you approached the intersection of MICHAEL STREET and the SERVICE ROAD THEN, YOU WERE LOOKING IN THE DIRECTION OF THE MISSISSIPPI RIVER and not in the direction of the CROSS WALK between — (interrupted by)
“A. Yes. When I was near to the corner, when I saw no traffic was coming from the River I looked the other way.”
The testimony of one of the officers as to skid marks shows the defendant was straddling the' center line of the service road:
“Q. Now, Did you have occasion to measure any skid marks behind the car?
“A. I did.
“Q. And would you please tell us the results of your measurements, sir?
“A. Let me check my report (does so). According to the report there was an approximate SIXTY-NINE (69') FEET of front wheel skid mards [sic], and an approximate FIFTY-EIGHT (580 FEET of rear wheel skid marks.
“Q. And, where were the LEFT REAR wheel skid marks of the CHEVROLET? In which lane of traffic?
“A. In the opposing lane of traffic.
“Q. Do you recall how far into the opposing lane of traffic the LEFT FRONT wheel and LEFT REAR wheel skid marks were?
“A. I would say approximately TWO (2') FEET, approximately THIRTY (30") INCHES.”
The next and deciding question is whether or not the Babin boy was guilty of contributory negligence so as to bar his recovery.
The trial court found as a fact that the Babin boy was looking to his left when he entered the roadway and further “that the bicycle was still moving forward and that the defendant’s vehicle had applied its brakes and was trying to stop, and that nevertheless, the bicycle was in front of the defendant’s vehicle when it was hit.” The trial court further concluded “that the collision would have occurred even had the defendant vehicle been over in its proper lane of traffic.”
The evidence shows that the Babin boy did not stop before entering the roadway and did not look to his right until he was some four or five feet into the lane of traffic to his immediate left. The trial court concluded that the Babin boy was guilty of negligence in not looking in both directions before entering the roadway and that such negligence contributed to the collision and therefore constituted contributory negligence which bars plaintiff’s recovery.
We agree with the findings of fact and the conclusions of the trial judge. The Babin boy was 16 years old at the time of the accident. He did not stop his bicycle when he came to the service road. He looked only to his left before entering the left lane of the service road. While still moving his bicycle in this left lane, some four or five feet from the crosswalk, then and not before did he turn to view the condition of traffic in the right lane.
Mrs. Juneau, a witness to the accident, was looking out of her office window in a building located on the corner of Michael Street and the Service Road, facing the Expressway. She testified as follows:
“Q Do you recall testifying that the little fellow looked to his left as he rode into the Service Road?
“A Sort of, but not toward the car. He didn’t look toward the car.
"Q He looked in the opposite direction ?
“A No, he was looking north.
*229 “Q Didn’t you testify earlier under oath that you knew the little fellow was going to be hit?
“A Yes. ■
“Q Because he was looking to his left?
“A Well, sort of to the north and left. I don’t know, but he wasn’t looking at the car. I knew he was going to be hit.
“Q But he was looking in the direction in which the car was being driven, wasn’t he?
“A No, he wasn’t.. He would be looking right if he had been looking at the car, but he wasn’t looking at the car.
“Q He was looking toward his left?
“A That’s right.
“Q Well, that’s what you testified to earlier ?
“A But he wasn’t looking at the car, that’s what I said.”
Thus we see that the stage was set by the concurring negligence of both defendant and young Babin for an accident to happen. When young Babin noticed the apparent danger, the automobile had already begun to reduce its speed by skidding from the application of its brakes. Had the boy even made a cursory look to his right prior to his entry into the roadway he should have concluded that he could not safely cross the roadway. Had the defendant not concentrated his attention for too long a period to his right and made a quick glance straight ahead or to his left front he too would have seen the Babin boy and could have taken action soon enough to have avoided the accident.
Those operating vehicles of whatever nature on public streets or thoroughfares are charged with the duty to look, observe, and see what they should have seen had they exercised due diligence. Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962); Veith v. Travelers Ins. Company, La.App., 204 So.2d 671 (1967). Neither the Babin boy nor defendant did what the law and common sense dictate namely looking and seeing each other in the roadway. Our review of the record satisfied us that the trial judge did not commit manifest error in finding the defendant negligent and in finding the Babin boy guilty of contributory negligence so as to bar recovery by plaintiff.
For the foregoing reasons, the judgment of the trial court is hereby affirmed. Costs of this proceeding to be borne by plaintiff-appellant.
Affirmed.