SAMUEL, Judge.
This is a suit for personal injuries and property damages resulting from a collision between an automobile driven by the plaintiff and a small truck driven by Elija Trueblood, one of the defendants. The other defendants are Trueblood’s employer, Louis O. Reuther, Jr., d/b/a Flower Room, a/k/a Bud’s Flower Shop, and his insurer, Continental Insurance Company. Defendants’ answer denies negligence on the part of the defendant driver and alternatively pleads contributory negligence on the part of plaintiff. In addition, Reuther and Continental reconvened for property damages.
After trial there was judgment in favor of plaintiff and defendant in reconvention awarding him the total amount of $2,-577.23 on the main demand and dismissing *743 the reconventional demand. Defendants have appealed. In this court they concede the correctness of that part of the judgment which dismisses the reconventional demand and make no complaint relative to quantum. Their sole contention is that plaintiff’s suit should be dismissed on the ground he was contributorily negligent.
The accident occurred on a clear day in the intersection of Humanity and Annette Streets in the City of New Orleans. There were no traffic controls of any kind and the two streets were of equal dignity. The plaintiff car was traveling west on Humanity and the defendant truck was proceeding north on Annette. There were trees and weeds on an otherwise empty lot at the southeastern corner of the intersection. The right front area of the truck and the left front of the plaintiff car collided approximately in the center of the intersection.
The two drivers, who were alone in their respective vehicles, and the investigating police officer were the only witnesses who testified relative to the facts of the accident.
Plaintiff testified he was traveling 20 miles per hour.[1] When he was about 20 feet from the intersection he saw the defendant truck approaching at an estimated speed of 35 miles per hour. He immediatel> applied his brakes but was unable to avoid the accident. The defendant driver testified he was proceeding at 20 miles per hour. Because of the weeds and grass on the empty lot he saw the plaintiff car for the first time when both vehicles arrived at the intersection, too late to apply his brakes prior to the collision. The police officer stated skid marks were left by both vehicles, 22 feet by the defendant truck and 25 feet by the plaintiff car, both ending at the site of the impact.
Applicable in the instant case is LSA-R.S. 32:121, subd. B[2] which provides:
“When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
Under the statute and ordinance plaintiff enjoyed the directional right of way. However, relying on Smith v. Borchers, 243 La. 746, 146 So.2d 793, appellants argue that plaintiff was not relieved of the duty to use reasonable care in his approach to the intersection, including the duty to exercise a proper lookout, and that as a result of his alleged failure to use such care and to exercise such lookout he was guilty of contributory negligence.
We agree with the rule of law stated in the contention. But in Smith v. Borchers the plaintiff who had the directional right of way was denied recovery because she could have avoided the accident had she kept a proper lookout. Here we cannot say the trial court was in error in finding, as it must have found, that the plaintiff did keep a proper lookout under all of the surrounding circumstances and that plaintiff did observe the approaching defendant truck at what could have been his first opportunity to do so.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The speed limit on both streets appears to have been 20 miles per hour.

. Ordinance Number 3810 M.C.S. of the City of New Orleans is to the same effect.