SARTAIN, Judge.
This is a suit arising out of an automobile accident which occurred on April 19, 1974, at the intersection of 11th and St. Mary Streets in the town of Abita Springs, Louisiana. Plaintiff-appellant, Mrs. Beatrice Strain Calamia, was driving her Volkswagen automobile east on 11th Street, and defendant-appellee, James N. Coyne, was driving a Plymouth belonging to his stepfather, defendant-appellee, Clarence A. *957 Knight, in a southerly direction on St. Mary Street. Both streets are gravel surfaced and of approximately equal width. The intersection is uncontrolled, having neither signs nor traffic signals to direct motorists as they proceed through it. Due to the presence of shrubbery and other vegetation, the intersection may be properly classified as a blind intersection for drivers approaching from the west and north, as were plaintiff and defendant at the time of the collision. The accident occurred on a dry, clear evening at dusk.
Plaintiff testified that she was traveling at a constant speed of ten to fifteen miles per hour as she approached the intersection. She said she did not see the Coyne vehicle until the moment of collision. She was familiar with the intersection, having traveled through it numerous times in the past.
Defendant testified that his speed was about fifteen miles per hour as he approached the intersection, and that he looked to the right but could not see plaintiff’s approaching automobile because of the vegetation which blocked his view. He stated that he did not slow down upon approaching or entering the intersection. The first time he saw plaintiff’s automobile was at the moment of the collision.
The front of plaintiff’s automobile collided with the back door and back fender of defendant’s automobile as defendant’s automobile crossed plaintiff’s lane of travel.
The trial court, recognizing the right of way accorded by R.S. 32:121 to the auto approaching an uncontrolled intersection from the right, found defendant “clearly negligent in violation of his duty to yield the right of way to the plaintiff.” The court also found contributory negligence on the part of the plaintiff, citing her “duty to slow down and observe other traffic to determine whether it is safe to proceed through an intersection.”
Plaintiff asserts on appeal that her statutory right of way absolves her of negligence. Further, she asserts that if she is deemed negligent in failing to keep a proper lookout, there is nothing she could have done to avoid the accident had she seen defendant, and, therefore, her negligence was not the legal cause of the accident.
Plaintiff testified at trial that she did not intend to stop at the intersection even though she was aware that her vision was obscured by vegetation at all four corners.
In Smith v. Borchers, 243 La. 746, 146 So.2d 793 (1962), the Supreme Court of Louisiana spoke on the duty of a motorist approaching an uncontrolled intersection from the right of another vehicle:
“ * * * ‘The obligation rests upon the motorist traveling on a favored street to so operate his automobile as to comply with all provisions of traffic regulations and in a prudent manner, having due respect for the rights of and conditions governing other motorists who may happen to be crossing the right of way street.’ (Citations omitted.)
“Those in charge of and operating motor cars and engines are charged with a duty to look and observe, which never ceases; that what they can see they must see, and in legal contemplation they do see; that their failure to see what they could have seen by the exercise of due diligence does not absolve them from liability. (Citations omitted.) Even when one has the right of way he is not relieved from the necessity of looking into the direction from which others may be expected to come, and where such care would have prevented the accident, he who fails to look or to keep a proper lookout cannot recover, even though the other party was grossly at fault.”
Gutelius v. Phoenix Insurance Company, 266 So.2d 717 (La.App. 4th Cir. 1972),[1] involved a blind, uncontrolled intersection of two blacktop roads. The court there found that the plaintiff failed to look in both directions upon approaching it, and found that he could have avoided the accident had he exercised such caution. The court reasoned:
“The so-called directional right-of-way rule does not convert the street into a *958 superior one, having the right-of-way; nor is it a mechanical rule which determines liability after an accident by the mere direction of the vehicles. Its basic function is to rule which of two drivers arriving simultaneously at an uncontrolled intersection of equal streets should let the other pass. Before this rule can be relied on, the driver must first determine that the other driver is coming from his left and is approaching or entering the intersection at about the same time. These determinations one cannot reasonably expect to make while maintaining speed, especially on approaching a blind intersection.
“A driver approaching an uncontrolled intersection with a street of equal dignity is obliged, in the exercise of reasonable care, to slow sufficiently to make the determination whether he can safely cross the intersection, including, when another vehicle is approaching, whether the directional right-of-way rule is applicable to cede to him or to the other driver the right to pass first. Such a driver has the right to expect of the other driver only that the other will likewise and for the same purposes slow down on approaching the intersection (and will obey the directional right-of-way rule if applicable).”
Here,, the accident was due to the failure of both drivers to keep a reasonable lookout upon approaching and entering the intersection. Mrs. Calamia failed to see defendant’s auto until she collided with it. At the point of collision, defendant’s auto had passed almost through the intersection. Had she maintained a proper lookout she could have taken action which would have prevented the accident. The trial judge was correct in rejecting plaintiff’s claim.
For the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.

. Writ refused, 263 La. 235, 267 So.2d 727 (1972).