CULPEPPER, Judge.
This is a suit for damages arising out of an automobile accident. The plaintiff, Claude Blanchard, was the driver of one of the vehicles, and defendant is the liability insurer of Mrs. Nithe B. Corley, driver of the other. The district judge awarded plaintiff $620.20 for property damage to his automobile, $100 for personal injuries, $85 medical expense and $154.23 car rental. Defendant appealed.
The issues are: (1) the negligence of defendant’s insured, Mrs. Corley; and (2) contributory negligence on the part of the plaintiff.
The scene of the accident is the intersection of Buchanan and Garfield Streets in the city of Lafayette. Buchanan is a one-way street with two lanes, both for southbound traffic, and it enjoys the right of way. Garfield is a two-lane, two-way street, running east and west. There is a stop sign on the northeast corner of the intersection for westbound traffic on Garfield. Located on the northwest corner of the intersection is a parking lot for Abdallah’s Department Store.- An exit from this parking lot is located on the west side of Buchanan Street a distance of 36 feet north of the northwest corner of the intersection.
The drivers of the vehicles are the only eye-witnesses and they gave conflicting versions of the accident. Mr. Blanchard testi *434 fied he drove out of the parking lot through the exit onto Buchanan Street. He looked to his left and saw the Corley vehicle on Garfield Street proceeding in a westerly direction. He says defendant was driving slowly toward the stop sign and he thought she was going to stop. Blanchard drove on into the northwest quadrant of the intersection where the left side of his automobile was struck by the front of defendant’s vehicle. Blanchard did not see the Corley vehicle as it passed the stop sign and was unable to testify whether it stopped or not.
Mrs. Corley testified that she stopped at the stop sign and looked to her right on Buchanan but saw no approaching traffic. She says she then looked straight ahead and proceeded into the intersection. She did not see plaintiff’s vehicle until it was immediately in front of her.
The first issue is Mrs. Corley’s negligence. We think it is clear that, whether she stopped or not at the sign, she was negligent. If she did not stop, then of course she was derelict in this regard. Fven if she did stop, she obviously entered the intersection at a time when it was unsafe to do so because of the approaching Blanchard vehicle.
Defendant contends Mrs. Corley is free of negligence since she pre-empted the intersection. The doctrine of preemption at issue here is stated in Baranco v. Cotten, 98 So.2d 260 (La.App., 1st Cir. 1957):
“As it is sometimes stated, the driver with the subordinate right of way may nevertheless ‘pre-empt’ an intersection — that is, have the superior legal right to be in it — by an entry therein with the reasonable opportunity to clear same without obstructing the passage of traffic with a priority right of way approaching at reasonably to be anticipated speeds.”
In the present case, there is no showing whatever that Blanchard was approaching at an unreasonable speed. He had just left the exit of the parking lot and had traveled only a few feet. Blanchard says he was proceeding at a speed of 10 to 15 miles an hour. If Mrs. Corley had looked to her right before entering the intersection, she could have seen Mr. Blanchard and realized she could not proceed without obstructing Blanchard’s passage.
Defense counsel makes a persuasive argument that under certain physical facts related in plaintiff’s own testimony, he must have darted out of the parking lot at an excessive speed. Plaintiff testified that when he was about one-half way from the exit to the corner (i. e., 18 feet from the corner) he looked to his left and saw the Corley automobile about 40 feet from the stop sign, which would be 60 feet from the intersection and 73 feet, approximately, from the point of impact. If both drivers were proceeding at 10 to 15 miles per hour, it is obvious that Blanchard would have cleared the intersection before Mrs. Corley reached it. We conclude, as the trial judge must also have done, that plaintiff’s testimony as to these speeds and distances is not precisely correct. Mrs. Corley must have been closer to the intersection when Blanchard saw her. Clearly, she breached her duty to look to her right, the only direction from which traffic could be approaching on this one-way street, before she entered the intersection.
We also find Blanchard was free of contributory negligence. He was on the favored street and he actually looked to his left and saw the Corley vehicle approaching slowly. He assumed it would stop. Our jurisprudence is now established that the driver on the favored street is entitled to proceed toward or into an intersection on the assumption that inferior traffic will respect the superior right of way, unless he should reasonably realize in time to avoid an accident that the inferior traffic will continue into the intersection. Denton v. Fontenot, La.App., 216 So.2d 310; Barrois v. Noto, La.App., 215 So.2d 676. In the present case there was nothing about the way in which Mrs. Corley was approaching this intersection which *435 should have indicated to Blanchard that Mrs. Corley was not going to yield the right of way. We find Blanchard free of contributory negligence.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.