SAVOY, Judge.
This is an action in tort filed by plaintiff against defendant, insurer of a car belonging to Clyde Vidrine and driven by Mrs. Vidrine at the time of the accident in the instant case.
For a cause of action, plaintiff alleged that on the morning of November 24, 1968, he was driving his car in a westerly direction on West Main Street in the City of Ville Platte, Louisiana. That as he approached that portion of West Main which is intersected by South Soileau Street, his vehicle was struck by a car driven by Mrs. Clyde Vidrine in a northerly direction on South Soileau. That at the point of the *538 accident, Main Street has the right of way-over traffic on South Soileau and there is a stop sign located on both sides of South Soileau. That as a result of. the accident, he suffered personal injuries and property loss. That the negligence of Mrs. Vidrine was the proximate cause of the accident. He párticularizes the acts of negligence on the part of Mrs. Vidrine, namely (1) Failing to yield the right-of-way; (2) failing to stop at the stop sign; (3) failing to maintain a proper lookout; (4) failure to exercise the last clear chance to avoid the accident. Defendant answered the petition generally denying the allegations contained therein, and stated the sole negligence of plaintiff caused the accident, in that (1) Plaintiff was driving on the wrong side of the street; (2) attempting to execute a lefthand turn in the face of oncoming traffic; (3) failing to accord defendant’s insured the right of way to which she was entitled under the ordinances of the City of Ville Platte, Louisiana; (4) driving his car at an excessive speed; (5) failing to maintain a proper lookout.
After a trial on the merits, the district judge found both drivers negligent and dismissed plaintiff’s suit. He appealed.
West Main Street is a street on which there is two-way traffic. It is 24 feet wide; each lane being 12 feet wide, with an additional 6 feet adjacent to each lane for parking purposes. It is a main thoroughfare and has the right-of-way over Soileau Street and runs east and west; Soileau runs north and south. South So-ileau crosses West Main at the point where the collision occurred, although a motorist traveling north on South Soileau would be required to jog slightly to the right in order to continue in a northeasterly direction across West Main. There is a stop sign directing traffic on South Soileau to stop before entering West Main Street.
The evidence reflects ¡that Mrs. Vi-drine never did see the plaintiff’s vehicle. She was not keeping a proper lookout, and we have no difficulty in agreeing with the trial judge that she was negligent. The next matter for consideration is whether or not plaintiff was contributorily negligent, so as to bar his recovery.
Plaintiff testified he was traveling in a westerly direction on West Main on the morning of the accident; that he was preparing to make a left-hand turn in order to get to South Soileau Street prior to the accident; that before negotiating his turn he looked in front and through his rear-view mirror to see that there was no traffic approaching from either direction. He also saw Mrs. Vidrine on South Soileau; that he started to make his left-hand turn, assuming Mrs. Vidrine would respect the stop sign on Soileau, and as he was attempting his left turn Mrs. Vidrine drove her vehicle several feet on West Main, striking the left rear portion of his car and causing his car to end up facing east.
Mrs. Vidrine testified she never did see plaintiff’s car prior to the accident, and that plaintiff struck her as she was stopped for the stop sign on South Soileau. The left front fender of her car was struck.
Mr. Alphan Fontenot, a member of the Ville Platte, Louisiana, police force, examined the accident shortly after it occurred. He testified that at the time of the accident, the Vidrine car was three to five feet into West Main. He found plaintiff’s car facing east.
We are of the opinion that the physical facts indicate that the accident resulted as testified to by plaintiff rather than Mrs. Vidrine. If the Vidrine car had been stopped when Kilgore began his left turn, we think the Kilgore vehicle would have safely completed the left turn and that there would have been no collision.
In Blanchard v. Allstate Insurance Company, 240 So.2d 432 (La.App. 3 Cir. 1970), we said:
"Our jurisprudence is now established that the driver on a favored street is entitled to proceed toward or into an intersection on the assumption that inferí- *539 or traffic will respect the superior right-of-way, unless he should reasonably realize in time to avoid an accident that the inferior traffic will continue into the intersection. Denton v. Fontenot, La. App., 216 So.2d 310; Barrios v. Noto, La.App., 215 So.2d 676.”
We believe plaintiff acted reasonably and prudently in attempting the left-hand turn. There was no traffic on West Main, and since he had the right-of-way he could conclude that Mrs. Vidrine would allow him to clear the intersection before entering West Main.
We therefore hold that the sole and proximate cause of the accident was the negligence of Mrs. Vidrine.
We next address ourselves to quantum.
Dr. C. J. Aswell, a general practitioner in Ville Platte, saw and examined plaintiff shortly after the accident. He found plaintiff had contusions of his chest, back and lungs, and probably a little concussion of the head.
Plaintiff developed pneumonia, which the doctor thought was connected with the accident. Xrays for fractures were negative. Plaintiff remained in the hospital approximately sixteen days. There apparently will be no disability to plaintiff because of the injury. We are of the opinion that an award $2,500.00 is reasonable for the physical injuries and resulting illness to plaintiff.
Plaintiff lost one month of work. His salary was $470.00. This sum will be allowed him for loss of wages.
It was stipulated that the total medical was $797.30. This we allow. The property damage to plaintiff’s car was $439.01. This item is also allowed.
For the reasons assigned, the judgment of the district court is reversed and judgment is hereby entered in favor of plaintiff, John Kilgore, and against Allstate Insurance Company, in the sum of $4,206.31, with interest at the rate of 5% per annum until paid, and all costs in both courts.
Reversed and rendered.